[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, a resident of the State of Connecticut brought the instant law suit against three defendants, two of whom were/are residents of this state and the movant, a non-resident corporation, (hereinafter referred to as "Century") who is a resident of the State of Pennsylvania. During all times relevant hereto Century was and continues to be licensed to do business in this state.
Subsequently, plaintiff noticed Century to take the deposition of its employee at plaintiff's attorney's office in Fairfield. Century duly filed a protective order to preclude plaintiff from taking the deposition in Fairfield citing in support thereof the general proposition that a defendant should not be required to finance the cost of litigation against it. This court denied Century's motion without comment.
In response to Century's request for articulation and a motion to reargue this court now articulates the grounds upon which it denied Century's protective order. In the citing aforementioned proposition of law, Century overlooked the fact that although it was not a resident of this state, it did, and apparently still business in this state. The court therefore concluded that inasmuch as it was licensed to do business here and has offered no financial or other hardship to justify its position, it is proper that it defend all litigation arising out of such business activity in this state. This court cannot CT Page 8058 conclude from the record that the proposition cited by Century in its request for a protective order dated September, 9, 1996, articulates a hardship that would justify relaxing defendant's obligation to conduct such litigation in the forum properly selected the plaintiff.
Accordingly, defendant's motion to reargue dated September 30, 1996, should be and is hereby DENIED.
BY THE COURT
Melville, J.